**EVERGREEN CORPORATION, Petitioner,**

**v.**

**AMERICAN SAMOA GOVERNMENT TAX OFFICE, Respondent.**

High Court of American Samoa
Trial Division

CA No. 08-05

October 24, 2005

RICHMOND, Associate Justice; MAMEA, Associate Judge; and SAOLE, Associate Judge.

Counsel: For Petitioner, Robert K. Maez
 For Respondent, Benton H. Walton, IV, Asst. Attorney General

## OPINION AND ORDER

### Introduction

On February 17, 2005, Petitioner Evergreen Corporation ("Evergreen") brought this action against the Tax Office of the American Samoa Government ("ASG") contesting ASG's determination that Evergreen owed an additional $28,191.45 in taxes plus interest.

Evergreen is a retail store owned by Michael Lai and located in Nu`uuli. For tax year 2000, the time period at issue, Evergreen filed a tax return showing gross sales of $804,755.00. After conducting an audit, ASG found that Evergreen's bank deposits totaled $897,912.00, an amount exceeding Evergreen's reported sales (income) by $93,157.00. Based on this information, ASG adjusted Evergreen's gross sales to $897,912.00, and mailed a notice of deficiency to Evergreen on November 19, 2004. The notice claimed that Evergreen understated its year 2000 taxable income by $93,157.00, and assessed a tax deficiency by Evergreen of $28,191.45 plus interest.

However, Evergreen contends its deposits exceed sales because of its practice of cashing personal and payroll checks for its customers. Thus, because the $93,157.00 in cashed checks does not constitute sales, Evergreen argues that it should not be considered income to Evergreen. At issue then is whether the $93,157.00 constitutes actual sales, as ASG argues, or whether it consists of cashed payroll checks and large personal checks from Evergreen's customers, as Evergreen contends. Having conducted a trial on the merits, we find in favor of ASG.

### Discussion

■ To be sure, a taxpayer has a right to contest the government's determination of a tax deficiency before paying such deficiency. *Klauk v. American Samoa Gov't*, 13 A.S.R.2d 52 (Trial Div. 1989). As an initial matter, however, we must determine which party bears the burden of proof in this case. In light of the available evidence, this issue is critical in reaching the ultimate decision in this case.

■ As American Samoa has incorporated the United States' rules and regulations regarding income taxation through A.S.C.A. § 11.0403(a), we turn to federal case law for guidance on this issue.[1] *See Kaluk at 54*

---

[1] The following Internal Revenue Code ("IRC") Sections are applicable to this case: (i) IRC § 61(a), which defines gross income as "all income from whatever source derived including gross income from business operations"; (ii) IRC § 6001, which states that "every person liable for

(holding that "the Fono ... incorporated by reference the United States Internal Revenue Code" for income taxation in American Samoa"). The Supreme Court has held that the government's assessment of a taxpayer's income is presumed correct, and the party challenging its assessment bears the burden of proving the government incorrect. *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Applying this principle to the case before us, Evergreen bears the burden of showing that the income tax deficiency is incorrect; to wit, that ASG should have categorized the $93,157.00 as non-sales related bank deposits as opposed to actual

 ASG categorized the $93,157.00 as income using the bank deposit method. *See Dileo v. Comm'r*, 96 T.C. 858, 868 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992) (in employing the bank deposit method, the government assumes that all money deposited in a taxpayer's bank account constitutes taxable income). This method for computing income has long been sanctioned by the courts. *Estate of Mason v. Comm'r*, 64 T.C. 651, 656 (1975), *aff'd*, 566 F.2d 2 (6th Cir. 1977). Indeed, when a taxpayer fails to maintain adequate records as to the source and amount of his income, bank deposits are commonly used as evidence of income. *See id.* at 656-57 (explaining that bank deposits are *prima facie* evidence of income). Because Evergreen failed to produce sufficient records of its year 2000 sales or income to ASG, ASG's use of the bank deposit method in calculating Evergreen's income is warranted and valid.

Thus, it is not enough for Evergreen to attack ASG's calculation of its income. To meet its burden, Evergreen must present evidence that the $93,157.00 in bank deposits is not income. As stated above, Evergreen argues that its bank deposits exceeded its sales (income) because in addition to depositing income from sales into its bank account, it also cashes payroll checks and large personal checks from its customers. Evergreen asserts that small portions of these checks are used to purchase items from its store and the remainder is given to the customer as cash. Therefore, according to Evergreen, the checks deposited exceed the actual amount of merchandise sold. Evergreen contends that ASG failed to account for this discrepancy between sales and bank deposits.

---

any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe; and (iii) IRC § 446(b), which provides that "if no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computations of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income."

However, Evergreen provides insufficient documentation to support its claim. Evergreen presents no records establishing gross sales, and presents no evidence establishing how much cash the business received and how much cash was deposited. All it provides the Court with is bank deposit slips. Having only the bank deposit slips to go off of, it is impossible to determine the extent to which the checks deposited exceed the actual amount of merchandise sold. Even if we assume that Evergreen gave cash back to its customers upon receipt of payroll or personal checks, without more information we have no basis for finding that the checks deposited did not equal total sales.

■ While we are sympathetic to Evergreen's claim that most of its records were destroyed in a fire, this does not excuse them from their obligation to keep books and records sufficient to establish the amount of their gross income. *See* IRC § 6001; *Dileo*, 96 T.C. at 867 ("[e]very person liable for any tax must maintain books and records sufficient to establish the amount of his or her gross income."). Nor does it excuse Evergreen from their burden of establishing that ASG's tax deficiency assessment was incorrect.

Thus, based on the evidence presented at trial, we find that Evergreen failed to carry their burden. We hold that Evergreen understated their income by $93,157.00, and that gross sales for the tax year 2000 should be increased by said amount. Consequently, as figured by ASG, Evergreen is liable for a tax deficiency of $28,191.45 plus interest.

### Order

In order to cure its tax deficiency, we require Evergreen to pay ASG the amount of $28,191.45 plus interest. It is so ordered.